**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

PHILLIP IGBINADOLOR, :
:
Plaintiff, :
: CIVIL ACTION NO.
v. : 1:08-CV-2580-RWS
:
TIVO, INC., *et al*, :
:
Defendants. :

## ORDER

This case come before the Court for purposes of a frivolity review pursuant to 28 U.S.C. § 1915(e)(2). After considering the entire record, the Court enters the following Order.

## Background

Plaintiff Phillip Igbinadolor initiated this action on August 5, 2008, alleging that Defendants TiVo, Inc., Sony Corporation, Philips Magnavox, Clarion Corporation of America, and JVC America infringed Plaintiff's Patent 6,779,196 BI ('196 Patent) and US Design Patent No. 395,884 ('884 Patent), and various patent applications submitted by Plaintiff including United States Patent Office reissue application 11/396,224 and European Patent application

numbers 101874A2 and A3. It appears from Plaintiffs complaint that Plaintiff accuses the following products:

- (i) TiVo SERIES 2 MODEL TED 540040;
- (ii) TiVo HUMAX MODEL DVD RECORDER;
- (iii) Sony DVD RECORDER MODEL #SLV D350P;
- (iv) Sony DVD RECORDER MODELS #S SLV N750;
- (v) Philips-Magnavox/Philips Electronics WEBTV MODEL # RM4100;
- (vi) Clarion COMPUTING IVS SYSTEM;
- (vii) Clarion END TOUCH SCREEN MODEL #VRX 745 VD-HIGH;
- (viii) Clarion ANTI-DISTORTION MODEL #DXZ 945MP;
- (ix) Clarion COMMERCIAL SKIP MODEL #DXZ 845 MC;
- (x) Clarion MODEL # DXZ 745MP;
- (xi) Clarion DRIVE EYE WINDOM MOUNTED DIGITAL VIDEO RECORDER AND MOBILE INTERNET DEVICE;
- (xii) JVC DVD/VCR COMBO BODEL #HRX VS 44U; and
- (xiii) JVC DVD RECORDER MODEL #838-110.

Plaintiff seeks to litigate this action *in forma pauperis*. By order entered

August 12, 2008, United States Magistrate Judge Alan J. Baverman granted Plaintiff leave to proceed *in forma pauperis*, and submitted the action to this Court for purposes of a frivolity review. The Court turns now to consider whether this action is frivolous.

## Discussion

### I. Standard for Dismissal

Pursuant to § 1915(e), "the court shall dismiss the case at any time if the court determines that . . . the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). A claim is frivolous when it appears from the face of the complaint that the factual allegations are "clearly baseless" or that the legal theories are "indisputably meritless." Neitzke v. Williams, 490 U.S. 319, 327, 109 S. Ct. 1827, 104 L. Ed. 2d 338 (1989); Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993). Where a court lacks jurisdiction to hear an action, the claim is considered frivolous. See Humphries v. Various Fed. USINS Employees, 164 F.3d 936, 941 (5th Cir. 1999).

3

Similarly, Federal Rule of Civil Procedure 12 provides: "Whenever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action." Fed. R. Civ. P. 12(h)(3). When the district court lacks subject matter jurisdiction, it should dismiss the action *sua sponte*, if necessary, rather than proceed to judgment on the merits. See Nat'l Parks Conservation Ass'n v. Norton, 324 F.3d 1229, 1240 (11th Cir. 2003).

## II.     Pending Applications and Foreign Patents

As an initial matter, Plaintiff's claims arising out of applications pending before the United States Patent Office and European Patent Office and Plaintiff's claims arising out of patents issued by a foreign country are frivolous. First, this Court does not have jurisdiction to adjudicate a claim of patent infringement prior to the issuance of a patent because such a case is non-justiciable under Article III of the United States Constitution. GAF Building Materials Corp. v. Elk Corp. of Dallas, 90 F.3d 479, 482-83 (Fed. Cir. 1996) (holding that there is no justiciable controversy for patent infringement prior to when a patent has been issued); Spectronics Corp. v. H.B. Fuller Co., 940 F.2d 631, 634-36 (Fed. Cir. 1991) ("[T]he existence of issued patent claims,

4

presently enforceable against [the defendants], are a requisite to litigation of a [patent] action."). Second, insofar as Plaintiff alleges claims arising out of patents issued by foreign countries, those claims are frivolous. Absent special circumstances, this Court will not exercise its supplemental jurisdiction under 18 U.S.C. § 1367 to consider claims arising out of a foreign patent because of the restrictions imposed by international treaties and out of concerns of international comity, judicial economy, convenience, and fairness. See Voda v. Cordis Corp., 476 F.3d 887, 900-04 (Fed. Cir. 2007) (holding that district court abused its discretion by exercising supplemental jurisdiction over foreign patent claims because of "limitations imposed by treaties that are the 'supreme law of the land' and considerations of comity, judicial economy, convenience, and fairness"). After full review, the Court concludes that Plaintiff's Complaint includes no special allegations that would overcome the Federal Circuit Court of Appeals' serious admonition to district courts to decline to exercise jurisdiction over foreign patent infringement claims. Id. Accordingly, the Court declines to do so in this case. Insofar as Plaintiff brings claims alleging infringement of various patent applications and foreign patents and/or patent applications, including United States Patent Office reissue application

5

11/396,224 and European Patent application numbers 101874A2 and A3, the Court finds that those claims are not brought in good faith, and accordingly, they are **DISMISSED** as frivolous.

### III. Plaintiff's Claims Alleging Infringement of the '196 and '884 Patents

As it relates to the remainder of Plaintiff's claims accusing approximately thirteen products of infringement of Plaintiff's '196 and '884 patents, the Court cannot say on the present record that those claims are objectively frivolous.

Defendant JVC America ("JVC") sent a letter to this Court and Plaintiff in this action dated August 18, 2008, contending that Plaintiff's claims accusing JVC's products are barred by *res judicata* because identical claims were litigated by Plaintiff in an action against JVC in the Eastern District of New York. That letter has not been entered into the record in this case. In order to make a finding that Plaintiff's claims are barred by the doctrine of *res judicata*, a Court must make a finding that the elements of *res judicata*[1] are present based

---

[1] The doctrine of *res judicata* bars a subsequent suit if four elements are present: (1) a final judgment on the merits rendered in the previous suit; (2) the judgment was rendered by a court of competent jurisdiction; (3) the parties, or those in privity with them, are identical in both cases; and (4) the same cause of action is involved in both cases. Thomas, 880 F.2d at 1240 (citing Hart v. Yamaha-Parts Distributors, Inc., 787 F.2d 1468, 1470 (11th Cir. 1986).

upon record evidence or judicial notice of the Court's own records. Thomas v. Evans, 880 F.2d 1235, 1240-41 (11th Cir. 1989). "The absence of this information in the record makes it very difficult for [an appellate court] to review the district court's finding of *res judicata*." Id. "Additional evidence, preferably a copy of the [other] trial court's records, is required in order to apply the doctrine of res judicata in the context of either a Rule 12(b)(6) motion to dismiss or a Rule 56 motion for summary judgment." Concordia v. Bendekovic, 693 F.2d 1073, 1076 (11th Cir. 1982) (reversing trial court's decision to dismiss case on *res judicata* grounds because evidence of prior action not sufficiently presented in the record); compare Clark v. State of Ga. Pardons and Paroles Bd., 915 F.2d 636, 640 n.2 (11th Cir. 1990) (dismissal for frivolity based on res judicata appropriate when the affirmative defense is "apparent from the face of the complaint or the court's records"); Patterson v. Aiken, 628 F.Supp. 1068, 1070 (N.D. Ga. 1985) (taking judicial notice of its "own records" and dismissing action as frivolous because foreclosed by *res judicata*). While the Court, in light of counsel's letter, might seriously question the validity of Plaintiff's pending claims against JVC, evidence of a final judgment on those claims has not been entered into the record in this case.

7

Therefore, the Court cannot make a determination as to the *res judicata* effect of any prior litigation.

Plaintiff's claims against the remainder of the defendants in this action sound in infringement. After full review of Plaintiff's Complaint, the Court cannot say on the present record that they are objectively frivolous.

Because the Court cannot say that Plaintiff's infringement claims arising out of the '196 and '884 Patents are objectively frivolous, the Court will allow those claims to proceed.[2]

The Clerk is hereby **DIRECTED** to send Plaintiff the USM 285 form, summons, and the initial disclosures form. Plaintiff is **DIRECTED** to complete the USM 285 form, summons, and the initial disclosures form, and to return one of each for each Defendant named in the complaint within twenty (20) days from the entry date of this Order to the Clerk of Court. Plaintiff is warned that failure to comply in a timely manner could result in the dismissal of this civil action. The Clerk is **DIRECTED** to resubmit this action to the undersigned if Plaintiff fails to comply.

---

[2] 28 U.S.C. § 1915(e)(2)(B) authorizes the Court to revisit the question of frivolity at "any time." It will do so if record evidence is presented that demonstrates that Plaintiff's claims have not been brought in good faith.

AO 72A
(Rev.8/82)

Upon receipt of the forms by the Clerk, the Clerk is **DIRECTED** to prepare a service waiver package for each Defendant. The service waiver package must include, for each Defendant, two (2) Notices of Lawsuit and Request for Waiver of Service of Summons (prepared by the Clerk), two (2) Waiver of Service of Summons forms (prepared by the Clerk), an envelope addressed to the Clerk of Court with adequate first class postage for use by each Defendant for return of the waiver form, one (1) copy of the complaint, one (1) copy of the initial disclosures form, and one (1) copy of this Order. The Clerk shall retain the USM 285 forms(s) and the summons(es).

Upon completion of the service waiver package(s), the Clerk is **DIRECTED** to complete the lower portion of the Notice of Lawsuit and Request for Waiver form and to mail the service waiver package(s) to each Defendant. Each Defendant has a duty to avoid unnecessary costs of serving the summons. If a Defendant fails to comply with the request for waiver of service, that Defendant must bear the costs of personal service unless good cause can be shown for failure to return the Waiver of Service form.

In the event a Defendant does not return the Waiver of Service form to the Clerk of Court within thirty-five (35) days following the date the service

waiver package was mailed, the Clerk is **DIRECTED** to prepare and transmit to the U.S. Marshal's Service a service package for each Defendant who failed to return the waiver form. The service package must include the USM 285 form, the summons, and one (1) copy of the complaint. Upon receipt of the service package(s), the U.S. Marshal's Service is **DIRECTED** to personally serve each Defendant who failed to waive service. The executed waiver form or the completed USM 285 form shall be filed with the Clerk.

Plaintiff is **DIRECTED** to serve upon each Defendant or his counsel a copy of every additional pleading or other document which is filed with the Clerk of the Court. Each pleading or other document filed with the Clerk shall include a certificate stating the date on which an accurate copy of that paper was mailed to Defendant or his counsel. This Court shall disregard any submitted papers which have not been properly filed with the Clerk or which do not include a certificate of service.

Plaintiff is also **REQUIRED** to **KEEP** the Court and Defendants advised of his current address at all times during the pendency of this action. Plaintiff is admonished that the failure to do so may result in the dismissal of this action.

AO 72A
(Rev.8/82)

## Conclusion

For the foregoing reasons, insofar as Plaintiff brings claims alleging infringement of United States Patent Office reissue application 11/396,224 and infringement of foreign patents and/or patent applications, the Court **FINDS** that those claims are not brought in good faith, and accordingly, they are **DISMISSED** as frivolous. Insofar as Plaintiff brings claims against Defendants arising out of the '196 Patent and '884 Patent, those claims shall be allowed to proceed. The Clerk is **DIRECTED** to send service forms to Plaintiff, which Plaintiff shall complete and return as directed above.

**SO ORDERED** this  14th  day of November, 2008.

_____
RICHARD W. STORY
UNITED STATES DISTRICT JUDGE

AO 72A
(Rev.8/82)