IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| PHILLIP IGBINADOLOR, | : |
| | : |
| Plaintiff, | : |
| | : |
| v. | : CIVIL ACTION NO. |
| | : 1:08-CV-2580-RWS |
| TIVO, INC., *et al.*, | : |
| | : |
| Defendants. | : |

## ORDER

Plaintiff Phillip Igbinadolor brought this patent infringement action against Defendants TiVo Inc., Sony Corporation of America, Phillips Magnavox/Phillips Electronics, Clarion Corporation of America, and JVC America. On August 5, 2008, Plaintiff submitted an affidavit to proceed *in forma pauperis* ("IFP") along with the civil action. Magistrate Judge Alan Baverman granted Plaintiff's affidavit in support of his request to proceed IFP. (Dkt. No.[3].) The Court conducted a frivolity review under § 1915(e) and permitted Plaintiff's infringement claims arising out of the '196 and '884 Patents to proceed. (See Order dated November 14, 2008; Dkt. No. [5].) The parties have since engaged in discovery and all five Defendants have filed

motions to dismiss [70, 71, 72, 73, 75].

It has since been brought to the Court's attention that Plaintiff's *in forma pauperis* application contains various untruths and omissions which create a false allegation of poverty. Magistrate Judge Baverman dismissed with prejudice Plaintiff's civil action against Gwinnett County School District., No. 1:08-CV-2402-RWS-AJB, upon a finding that Plaintiff submitted a false affidavit. (*See* Report and Recommendation dated August 31, 2009 [52], adopted by Order dated October 2, 2009 [54].) The Magistrate Court conducted an evidentiary hearing to determine Plaintiff's financial status, and the Court incorporates the factual findings herein.[1] At the evidentiary hearing, it was determined that Plaintiff failed to disclose in his affidavit: (1) third party assets held by his wife; (2) income derived from a part-time job teaching DUI classes; (3) assets he owned including a car and cell phone; and (4) benefits he obtained from his wife's exclusive payments of all the household bills, health insurance and financial support of the children. The Magistrate Court concluded that

---

[1] The Magistrate Court concluded, and this Court has confirmed, that the *in forma pauperis* affidavit submitted in the case herein is materially similar to the one submitted in Igbinadolor v. Gwinnett County School District, 1:08-CV-2402-RWS-AJB. (*See* Report and Recommendation dated August 31, 2009 [52].)

2

Plaintiff's affidavit had portrayed an image of a pauper, relying exclusively on a sporadic income of $80 a day for sustenance.  In reality, Plaintiff's affidavit "paints a far more dire picture of his financial status than what the evidence actually shows." (Report and Recommendation dated August 31, 2009 [52]; No. 1:08-CV-2402-RWS-AJB)

Under 28 U.S.C. 1915Under 28 U.S.C. § 1915(e), "the court *shall* dismiss" a case in which a party is proceeding *in forma pauperis* "at any time if the court determines that" "the allegation of poverty is untrue." (emphasis added).  Dismissal of the case is required upon a showing that the allegation of poverty is untrue. *See* Flowers v. Life Univ., No. 1:05-CV-1601, 2006 WL 562192, *1 (N.D. Ga. Mar. 7, 2006) (Thrash, J.) (*citing* Thomas V. General Motors Acceptance Corp., 288 F.3d 305 (7th Cir. 2002)) "The only discretion the court has is whether to dismiss the case with or without prejudice." Mullins v. Hallmark Data Sys., LLC, 511 F. Supp. 2d 928, 930 (N.D. Ill. 2007).

The Court finds that Plaintiff's August 2008 affidavit does not provide an accurate picture of his financial status.  Further, critical facts were purposefully omitted in order to mislead and defraud the Court as to Plaintiff's poverty status.  The nature and materiality of the Plaintiff's falsities and omissions are

3

sufficient to warrant dismissal of his case.  The fact that Plaintiff perpetrated this fraud upon the Court in more than one case warrants the sanction of dismissal with prejudice.  Also, it appears that Plaintiff seeks to litigate issues that have previously been decided against him.  See Defendants' Motions to Dismiss [70, 71, 72, 73, & 75].  For these reasons, Plaintiff's case shall  be dismissed with prejudice.

## Conclusion

Based on the foregoing, this action is **DISMISSED WITH PREJUDICE**.  All pending motions are **DENIED AS MOOT**.

**SO ORDERED**, this   6th   day of October, 2009.

_____
**RICHARD W. STORY**
United States District Judge

AO 72A
(Rev.8/82)